**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1775

_____

PEDRO J. PIZARRO, individually,
                                        Appellant

v.

WELLS FARGO BANK, N.A.; DOES 1-20
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-16-cv-05419)
District Judge:  Honorable Peter G. Sheridan

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 23, 2018

Before: CHAGARES, BIBAS and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 7, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pedro J. Pizarro appeals pro se from the District Court's order dismissing his complaint with prejudice and the District Court's subsequent order denying reconsideration. For the following reasons, we will affirm.

This matter arises from a $165,000 loan that Pizarro received from Washington Mutual Bank, FA. The loan is evidenced by a note and is secured by a mortgage on Pizarro's residence in Hamilton, New Jersey. Pizarro executed the note and mortgage on June 10, 2005. On April 9, 2007, this mortgage was assigned to Wells Fargo Bank, N.A. (Wells Fargo).

Pizarro defaulted on the loan, and Wells Fargo filed a foreclosure action against him in New Jersey state court on June 24, 2009. On September 7, 2016, while the foreclosure action was still pending, Pizarro filed this complaint before the District Court. In his complaint, Pizarro claims that he has effected rescission of the note and mortgage under the Truth in Lending Act (TILA) by mailing notice of that rescission to Wells Fargo on March 21, 2016. Pizarro sought a declaration that Wells Fargo consequently held no interest in the note or mortgage, an order directing Wells Fargo to return the note and mortgage, and a declaration that no other unknown persons (named as Does 1-20 in his complaint) held an interest in his residence.[1]

Wells Fargo moved to dismiss the complaint. Oral argument was scheduled for January 17, 2017. At Pizarro's request, argument was rescheduled for January 24, 2017. Pizarro apparently sought again to reschedule argument, but for reasons that are not

---

[1] As those Doe defendants were never served, the claims against them are not before us. See, e.g., United States v. Studivant, 529 F.2d 673, 674 (3d Cir. 1976).

apparent on the record, his efforts failed; argument was held on January 24, and Pizarro did not attend. At the close of argument, the District Court stated that the motion to dismiss would be granted, and the Court entered an order to that effect the next day. Pizarro then wrote a letter to the Court explaining that his absence from the hearing was a result of a misunderstanding and asking for an opportunity to present his case to the Court. The Court granted Pizarro's request and held argument on February 28, 2017. After argument—which Pizarro attended—the Court entered another order. The Court treated Pizarro's letter as a motion for reconsideration and denied it, concluding, among other things, that Pizarro's claims were time-barred. Pizarro appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[2] Because Pizarro's timely appeal from the denial of his timely motion for reconsideration "brings up the underlying judgment for review," we will review the District Court's dismissal of the complaint as well as its denial of the motion for reconsideration. See McAlister v. Sentry Ins. Co., 958 F.2d 550, 552-53 (3d Cir. 1992). We review de novo the District Court's decision to grant a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Free Speech Coal., Inc. v. Att'y Gen., 677 F.3d 519, 529-30 (3d Cir. 2012). We review the District Court's denial of a motion for reconsideration for abuse of discretion, but we review any underlying legal determinations de novo. Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 246 (3d Cir. 2010).

---

[2] Although the claims against the Doe defendants appear to be unresolved, the Doe defendants are not parties within the meaning of Rule 54(b) of the Federal Rules of Civil Procedure, so the District Court's order is final. See Studivant, 529 F.2d at 674 n.2.

3

We will affirm the District Court's judgment. At the outset, Pizarro argues that the District Court violated his rights by holding the initial hearing on the motion to dismiss in his absence. However, it appears that Pizarro received notice of the hearing and just did not attend. See generally Davis v. Hutchins, 321 F.3d 641, 646 (7th Cir. 2003) (discerning no due-process violation where party "simply did not attend the hearing"). In any case, because the District Court subsequently held a second hearing to ensure that Pizarro had an opportunity to be heard (which Pizarro did attend), Pizarro is entitled to no relief on this argument.

Turning to Pizarro's TILA claims, the transaction between Pizarro and Wells Fargo was consummated on the date of closing, June 10, 2005. See Zaman v. Felton, 98 A.3d 503, 507-08, 518 (N.J. 2014); Compl. ¶ 19. Under TILA, Pizarro had three years after that to serve defendants with a notice of rescission. See 15 U.S.C. § 1635(f); Jesinoski v. Countrywide Home Loans, Inc., 135 S. Ct. 790, 792-93 (2015). Section 1635(f) is a statute of repose that extinguishes not only the ability to seek rescission but also the right of rescission itself, and it is not subject to tolling. See Beach v. Ocwen Fed. Bank, 523 U.S. 410, 417 (1998); In re Cmty. Bank of N. Va., 622 F.3d 275, 301 n.18 (3d Cir. 2010). Pizarro did not serve his notice of rescission until more than ten years after closing, in 2016. Thus, his purported rescission was long untimely.

Pizarro argues that Wells Fargo may not raise a timeliness defense because it did not respond to his notice of rescission within the 20-day time period in 15 U.S.C. § 1635(b). Section 1635(b) requires a creditor to return any money or property given as earnest money or down payment and take other action within 20 days after receipt of a

4

notice of rescission. § 1635(b). The provision does not preclude Wells Fargo from defending Pizarro's action. Pizarro also relies on Jesinoski, but that case does not support Pizarro's argument. In Jesinoski, the Supreme Court held that a borrower exercising his right to rescind need only provide notice to his lender within the three-year period, not file suit, 135 S. Ct. at 792-93, but, as we have explained, Pizarro did not give timely notice. Neither Jesinoski nor any other case we have found suggests that a failure to respond to an untimely notice of rescission results in the waiver of affirmative defenses in a subsequent court proceeding.[3]

Finally, the District Court did not err in denying Pizarro's motion for reconsideration. In his motion, Pizarro merely reiterated his original arguments or raised arguments that could have been raised before; he did not provide a basis for reconsideration. See Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (explaining that reconsideration is appropriate if the moving party shows: (1) an intervening change in controlling law; (2) the availability of new evidence not available when the court entered its original order; or (3) that reconsideration was necessary to correct a clear error of law or fact or to prevent manifest injustice).

---

[3] Because of this conclusion, we need not consider the District Court's alternative grounds for decision (including its application of New Jersey's preclusion doctrine and the Rooker-Feldman doctrine). We note only that, because the New Jersey state action was ongoing at the time that Pizarro filed his federal complaint, we are satisfied that the District Court had jurisdiction. See generally Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292–93 (2005).

Accordingly, we will affirm the District Court's judgment.